Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000551
21-DEC-2016
08:37 AM

NO. CAAP-16-0000551

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ERIC YOUN, Plaintiff-Appellant,
v.
PETER BOYLAN, OAHU PUBLICATIONS, INC.,
a Hawaii corporation dba Honolulu Star Advertiser,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE ENTITIES 1-10,
Defendants

FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-1964-09)

ORDER GRANTING NOVEMBER 7, 2016
MOTION TO DISMISS APPELLATE COURT CASE NUMBER
CAAP-16-0000551 FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Defendant-Appellee Peter Boylan's

(Appellee Boylan) November 7, 2016 motion to dismiss appellate

court case number CAAP-16-0000551 for lack of appellate

jurisdiction, (2) Plaintiff-Appellant Eric Youn's (Appellant

Youn) November 14, 2016 memorandum in opposition to Appellee

Boylan's November 7, 2016 motion, and (3) the record, it appears

that we lack appellate jurisdiction over Appellant Youn's appeal

from the Honorable Rhonda A. Nishimura's July 8, 2016

interlocutory "Order Granting Defendant Peter Boylan's Motion for

Summary Judgment" (hereinafter "the July 8, 2016 summary judgment order") because the July 8, 2016 summary judgment order is not eligible for appellate review in the absence of a separate judgment pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).

On October 1, 2016, the circuit court clerk filed the record on appeal for appellate court case number CAAP-16-0000551, which does not contain an appealable final judgment. Absent an appealable final judgment, we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appellee Boylan's November 7, 2016 motion to dismiss appellate court case number CAAP-16-0000551 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-16-0000551 is dismissed.

DATED: Honolulu, Hawai'i, December 21, 2016.

Chief Judge

Associate Judge

Associate Judge

-3-